# CHARLESTON.

M. C. CAMPBELL v. UNITED FUEL GAS COMPANY et al.

(No. 5376)

Submitted November 11, 1925.   Decided December 1, 1925.

1. DEEDS—*Reference in Deed to Some Other Deed or Title Paper Must be Definite and Certain.*

    While the parties to a deed, instead of setting out in full the metes and bounds of the tract intended to be conveyed, may describe it, in whole or in part, by reference to some other deed or title paper, such reference must be definite and certain.   (p. 512.)

    (Deeds, 18 C. J. § 67.)

2. SAME—*Land Conveyed by Deed Which Refers to Adjoining Tracts and Calls for Definite Number of Acres Not Controlled by Reference to Deed Which Does Not Describe Land Intended to be Conveyed.*

    Where a deed clearly describes the land purporting to be conveyed thereby by reference to adjoining tracts and calls for a definite number of acres, the land so intended to be conveyed will not be controlled by reference for a more complete description to a deed of a certain date and recorded

in a certain deed book at a certain page which in fact does not describe any part of the land intended to be conveyed but describes land located elsewhere and several miles distant therefrom. (p. 512.)

(Deeds, 18 C. J. § 250.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Roane County.

Suit by M. C. Campbell against the United Fuel Gas Company and others for an injunction. Decree for plaintiff, and the named defendant appeals.

*Decree reversed; bill dismissed.*

*Harold A. Ritz* and *Raymond Dodson,* for appellant.

*Grover F. Hedges, S. P. Bell, William S. Ryan,* and *Thos. P. Ryan,* for appellee.

MILLER, JUDGE:

The prayer of the bill in this suit was that a certain deed conveying oil and gas rights be so construed as not to include a parcel of 16½ acres in which plaintiff claims right and title to the oil and gas as lessee of the present owner of the land, and that the defendant be enjoined from interfering with his operation for oil and gas on the leased premises. The circuit court granted the relief prayed for; and defendant comes here on appeal.

In 1899 A. J. Justice purchased from Wm. Justice a tract of 65 acres of land, and a short time thereafter leased the same for oil and gas purposes to the South Penn Oil Company, the lease being later assigned to the defendant; and in 1902 he also purchased from said Wm. Justice a tract of 31 acres, adjoining the 65 acre tract on the south-west side thereof by a straight line about 139 poles in length. At the time the conveyance of the 31 acre tract was made the South Penn Oil Company held an oil and gas lease on the property, which lease later passed to defendant. In 1914 A. J. Justice sold and conveyed to Clark Dye both these tracts of land, by separate descriptions in the same deed as tracts of 31 and

65 acres respectively, subject to any valid lease or leases then on the lands, but conveying to the grantee all the rights of the grantor in the oil or gas that might be produced under said lease or leases. Plaintiff claims under the title thus conveyed to Dye, by virtue of an oil and gas lease to him by Dye, covering 16½ acres of the 31 acre tract.

The deed sought to be construed was executed August 28, 1905, between A. J. Justice and wife, of the first part, and W. Guy Tetrick and others, parties of the second part, and conveyed to the parties of the second part, "the ½ of all the oil and ½ of all the gas in and under the real estate hereinafter conveyed, including ½ of all the rentals that may accrue by reason of any lease now existing upon said land hereinafter described, which real estate is situated, lying and being in the District of Geary, County of Roane and State of W. Va., on the waters of Left Hand, is bounded and described as follows:

"On the North by lands of A. M. Nestor et al;
On the East by lands of Ed Bullard et al;
On the South by lands of Jack Justice et al;
On the West by lands of Ephriam Sergent et al;

"Containing 96 acres, more or less, and being the same land conveyed to A. Justice by Wm. Justice, by deed dated 3rd day of May, 1894, and recorded in the office of the clerk of the County Court of Roane County, W. Va., in D. B. No. 16, page 196, to which deed is hereby made and had for a more full and complete description of said 96 acres of land and the description of said deed is hereby made a part of this deed.

"It is hereby agreed and understood as to oil and gas this conveyance is made subject to the lease on the above described tract of land, now had and owned by the South Penn Oil Company, provided the hereinbefore described tract of land should be operated under said lease, but should said lease become void, then the said parties of the second part, their heirs and assigns are hereby granted the exclusive and full operative right, to enter upon said land and operate the same for the production of oil and gas without liabilities for surface damages," etc.

In June, 1906, A. J. Justice executed to the South Penn Oil Company a lease covering a ½ interest in the oil and gas in the 31 acre tract.

Thus it appears that if plaintiff has any rights in the oil and gas under the 16½ acres, a part of the 31 acre tract, the conveyance of August 28, 1905, must be so construed as not to include the 31 acre tract. The deed calls for 96 acres; and the description by adjoinders also indicates that the 31 acre tract was intended to be included in the conveyance, for the lands of Jack Justice do not adjoin the 65 acre tract on the south, nor do the lands of Ephriam Sergent adjoin said tract on the west; but these lands do adjoin the 31 acre tract on the south and west respectively. So far the description is complete and sufficient to identify the whole of the 96 acres owned by the grantor at the time. But plaintiff contends that the reference to the deed from Wm. Justice to A. J. Justice, "dated 3rd day of May, 1894, and recorded in the office of the clerk of the County Court of Roane County, W. Va., in D. B. No. 16, page 196," is descriptive of the 65 acres only, and should control the alleged imperfect description by acreage and adjoinders. The deed from Wm. Justice to A. J. Justice conveying the 65 acre tract is dated September 24, 1899, and not May 3, 1894, and is recorded in Deed Book No. 32, at page 189, while the deed recorded at page 196 of Deed Book No. 16, is one from Sarah J. Wibling to John Carpenter, for a tract of land located about thirty miles distant from the land in controversy. It will be noted that A. J. Justice purchased both the 65 acre tract and the 31 acre tract from Wm. Justice. The reference in the conveyance of August 28, 1905, to Tetrick and others does not call for a tract of 65 acres, but only recites the date of the deed referred to and the place of recordation, and makes reference to such deed for a more full and complete description of "said 96 acres of land." And 96 acres was the exact amount of land conveyed to A. J. Justice by Wm. Justice, by the two deeds of 1899 and 1902.

Arthur Osborne, civil engineer, testified that he was well acquainted with the 65 acre and 31 acre tracts in question, having made a survey of parts of them as well as a survey of

the Ephriam Sergent land, and that from his personal knowledge of the adjoining lands and by comparison of the deeds under which the adjoining land owners named on the conveyance to Tetrick held, he found that the adjoinders named correctly described the 96 acres owned by A. J. Justice in the year 1905; and there is no evidence to the contrary.

But what effect can be given the reference to a deed from Wm. Justice to A. J. Justice, in view of the facts above recited? It is true that parties to a deed, instead of setting out in full the metes and bounds or other complete designation of the tract intended to be conveyed, may describe it, in whole or in part, by reference to some other deed, which contains or furnishes such a description of the land that when read in connection with the deed will completely identify the land. But where the description in the conveyance is clear and complete, reference to some other instrument will not operate to restrict such description; and the reference must be specific. 4 Thompson on Real Property, §§3082-3083; 18 C. J. 285; 8 R. C. L. 134-135; *Caldwell* v. *Center*, (Cal.), 89 Am. Dec. 131. Here the reference to the deed from Wm. Justice to A. J. Justice is indefinite, while the general description in the deed to Tetrick and others is complete and clearly identifies the 96 acres then owned by A. J. Justice, the grantor, who had purchased both tracts making up the 96 acres from Wm. Justice; and the reference does not recite the correct date or place of recordation of either of the deeds from Wm. Justice. In fact, the deed for the 31 acre tract is as well described by the reference as is the deed for the 65 acres. Defendant might well argue that the reference to a prior deed applies to the 31 acre tract, and not to the 65 acres, for there is nothing in the deed of August 28, 1905, to indicate to which of them reference was intended to be made.

It will be noted that when A. J. Justice purchased the 31 acre tract, it was under lease for oil and gas development from Wm. Justice to the South Penn Oil Company; and in 1906 A. J. Justice executed to the South Penn Oil Company a lease covering ½ the oil and gas rights in the tract, thus recognizing the fact that he had conveyed to Tetrick and

others ½ of his interest therein; for by his conveyance to them he provided that should the existing lease become void, "then, the said parties of the second part, their heirs and assigns are hereby granted the exclusive and full operative right, to enter upon said land and operate the same for the production of oil and gas," etc. The lease of 1906 was evidently a renewal of the one existing at the time A. J. Justice purchased the 31 acre tract.

It is said that Louise Justice, wife of A. J. Justice, in her deposition, in response to the question whether the reference in the deed of August 28, 1905, did not refer to the deed made by Emaline Justice and W. H. Justice to A. J. Justice, dated September 24, 1899, conveying a tract of 65 acres, answered: "The same tract of land." But to the question: "Did you include this 31 acres in your deed to Tetrick and others?" she answered: "Yes, sir." And she identified her signature and that of her husband to a notice to the South Penn Oil Company, dated December 1, 1905, advising the company that she and her husband had conveyed to parties named one-half of all oil and gas and one-half of all rentals of the tract of 31 acres, under the lease of December 14, 1900, and authorizing the company to pay to said parties $1.55 of the quarterly rental for delay in operation, one-half of the gas rentals or royalties, and one-half of the oil royalty from the land sold, accruing and due from the date of said deed. At the time depositions were taken in the cause A. J. Justice was insane.

Counsel for plaintiff lay much stress on a lease from A. J. Justice to the United Fuel Gas Company, dated July 23, 1912, for the oil and gas rights under the 31 acres, executed at the same time a compromise was effected between the parties to settle a dispute respecting the amount of gas well rentals due Justice under the terms of a lease on the 65 acres. From the correspondence between counsel for the parties at the time, and the testimony of counsel for A. J. Justice, it appears that Justice brought suit against the United Fuel Gas Company for rentals accruing under his lease on the 65 acre tract, and that a question as to the respective rights of Justice and Tetrick and others in the 31 acres was raised.

In settling the whole matter, the defendant took a lease from Justice for all the oil and gas rights in the land, the lease containing the following provision: "Said lessee shall not be required in any event to increase the rate of said gas well payments or said royalty of oil by reason of any royalty or interest in said oil or gas that may have been heretofore sold, reserved, or conveyed by said lessors, or their predecessors in title or otherwise." A few months previous to this compromise agreement and the execution of this lease by Justice, the defendant had taken from Tetrick and others a lease for all the oil and gas rights in the same land. It is evident that the defendant took these leases to protect itself against any outstanding interests that might come into controversy later; and it will be noted that the gas company protected itself against payment of rentals to more than one claimant. Whatever may have been the expressions of counsel for the parties in their correspondence at the time, that could not affect the rights of the parties under the deed of August 28, 1905; for it appears that both Justice and Tetrick were claiming right thereunder at the same time. And the fact that the gas company took a lease from Tetrick and his associates is not in accord with the contention of counsel for plaintiff, that the company by taking a new lease from Justice acknowledged that the conveyance to Tetrick and others did not cover the 31 acre tract.

From the facts disclosed by the record, as set out herein, we are clearly of opinion that the reference in the deed of August 28, 1905, is too indefinite to control or limit the specific general description by acreage and adjoinders therein; and that there is no evidence of intention on the part of the parties thereto not to include the 31 acre tract in the conveyance.

It is contended by counsel for plaintiff that the answer of the United Fuel Gas Company as it appears in the printed record is not signed or sworn to, as required by section 38 of chapter 125 of the Code, and is only a fugitive paper in the record. It was stated by counsel for defendant in oral argument, that because a number of the original papers filed in the cause could not be found in the office of the clerk of the

circuit court, he furnished the clerk a carbon copy of the original answer filed in the cause, to be used in making up the transcript. To a writ of certiorari issued out of this court, to the clerk of the circuit court commanding him to certify to this court the original answer, the clerk answered that he was unable to find such paper in his office; that it had been taken from the office, and no receipt given therefor. But the order of the court filing the answer recites that it was signed and sealed by the defendant corporation and duly verified by the affidavit of the vice president of the company; and that the plaintiff replied generally to said answer. We find in the record no objection or exception by plaintiff to the filing of the answer; and the final order in the cause recites that the hearing was upon the bill, answer, general replication by plaintiff, the depositions filed in the cause, and all the former orders and proceedings had therein. In view of the facts recited in the orders of the lower court, we consider this point of error groundless.

The decree of the circuit court will be reversed, and the bill dismissed.

*Decree reversed; bill dismissed.*